UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIKA BARRON ACOSTA** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause of Action No.** <u>**4:23-cv-00161**</u> |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | |

<u>**DEFENDANT FIESTA MART, LLC'S NOTICE OF REMOVAL**</u>

TO:    The Honorable United States District Court for the Southern District of Texas, Houston

Division:

Defendant, Fiesta Mart, LLC (hereinafter "<u>Defendant</u>" herein), files this Notice of

Removal under 28 U.S.C. §1446(a) to the United States District Court for the Southern District

of Texas, Houston Division, and would respectfully show:

A. Introduction

1.    On December 12, 2022, Plaintiff Erika Barron Acosta (hereafter, the "*Plaintiff*"), filed

suit against the above-named Defendant in the 80th Judicial District Court of Harris County,

Texas. *See* Exhibit "3".  In her suit styled *Erika Barron Acosta v Fiesta Mart, LLC; In the 80th*

*Judicial District Court of Harris County, Texas;* Cause No. 202280204, Plaintiff alleges causes

of action of premises liability, negligence, negligent training, and negligent supervision,

retentions, and monitoring related to an alleged slip and fall on Defendant's premises. *See*

Exhibit "3". Plaintiff plead damages between $250,000 and $1,000,000.

2.    Defendant was served with the Plaintiff's Original Petition (hereafter, the "*Original*

*Petition*") on December 16, 2022 by process server. *See* Exhibit "5". Defendant answered the

Original Petition on December 21, 2022. *See* Exhibit "6". Defendant files this Notice of Removal

within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex.*

*Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### B. Basis for Removal

3.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).

4.      According to the Original Petition, Plaintiff alleges that she is a resident of Texas, and appears to have been a resident of Texas at the time of commencement of this action.

5.      Defendant is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Fiesta Mart, L.L.C. is Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in California. The corporate structure of Fiesta has not changed since the time the affidavit included was executed. *See* Exhibit "7". Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California and of no other state.

6.      Thus, there is complete diversity of citizenship.

7.      Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff pleads for damages of "more than $250,000 and less than $1,000,000." *See* Exhibit "3", Paragraph 6.

8.      Plaintiff seeks recovery for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, and past and future physical impairment. *See* Exhibit "3".

9.       Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, this Court

has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

10.  Copies of all pleadings, process, orders, and other filings in the State Court suit, as well as a list of counsel of record, are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibits "1" through "9".

11.  Venue is proper in this district under 28 U.S.C. §1441(a) because the State Court where the suit has been pending is located in this district.

12.   Defendant will promptly file a copy of this Notice of Removal with the clerk of the State Court where the suit has been pending. *See* Exhibit "9"

13.  All Defendants consent to this Removal.

## C. Jury Demand

14.  Defendant demands a trial by jury.

## D. Conclusion

15.  Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court over which this Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse in citizenship.

16.  For these reasons, Defendant asks the court to remove the suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT LLP**

_____

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
Hayley Reid
State Bar No. 24121076
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Swift, LLP, attorneys for the Defendant herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 17th day of January 2023.

***Via Electronic Case Filing and
Electronic mail***
Johnson Garcia, LLP
Daniel Johnson
Juan C. Garcia
Steeves Hopson
Leticia Hernandez
7324 Southwest Fwy, Suite 545
Houston, Texas 77074
daniel@johnsongarcia.com
juan@johnsongarcia.com
steeves@johnsongarcia.com
leticia@johnsongarcia.com
***Attorneys for Plaintiff***

_____

C. Robert Dorsett, Jr.

Exhibit "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERIKA BARRON ACOSTA** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | Cause of Action No. __4:23-cv-00161__ |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | |

**<u>INDEX OF DOCUMENTS FILED</u>**

As required under Local Rule 81, the following is a list of the documents being filed with

the Defendant Fiesta Mart, LLC's ("Defendant") Notice of Removal in this action:

| Exhibit | Description |
|---|---|
| 1. | Index of Documents Filed |
| 2. | Docket Sheet for Cause No. 202280204; Erika Barron Acosta v Fiesta Mart, LLC; In the 80th Judicial District Court of Harris County, Texas |
| 3. | Plaintiff's Original Petition, filed December 12, 2022 |
| 4. | Request for Issuance of Service to Fiesta Mart, LLC |
| 5. | Return of Service for Fiesta Mart, LLC |
| 6. | Defendant's Original Answer, filed December 21, 2022 |
| 7. | Affidavit of Michael Saltzstein |
| 8. | List of Counsel of Record |
| 9. | Notice of Removal in State Court |

Exhibit "2"

**HCDistrictclerk.com**    BARRON ACOSTA, ERIKA vs. FIESTA MART L L C    1/13/2023
Cause: 202280204    CDI: 7    Court: 080

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | |
|---|---|
| **File Date** | 12/12/2022 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Motor Vehicle Accident |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 12/21/2022 |

| CURRENT PRESIDING JUDGE | |
|---|---|
| **Court** | 080th |
| **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686100 |
| **JudgeName** | JERALYNN MANOR |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BARRON ACOSTA, ERIKA | PLAINTIFF - CIVIL | | HOPSON, F. STEEVES III |
| FIESTA MART L L C | DEFENDANT - CIVIL | | DORSETT, CHARLES ROBERT JR. |
| FIESTA MART LLC MAY BE SERVE BY SERVING | REGISTERED AGENT | | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 12/21/2022 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/21/2022 | ANSWER ORIGINAL PETITION | | | 0 | | DORSETT, CHARLES ROBERT JR. | FIESTA MART L L C |
| 12/21/2022 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/12/2022 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/12/2022 | JURY DEMAND MADE (TRCP 216) | | | 0 | | | |
| 12/12/2022 | ORIGINAL PETITION | | | 0 | | HOPSON, F. STEEVES III | BARRON ACOSTA, ERIKA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | FIESTA MART LLC MAY BE SERVE BY SERVING | 12/12/2022 | 12/13/2022 | 12/16/2022 | | | 74088608 | E-MAIL |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 105676591 | DEFENDANT'S ORIGINAL ANSWER SPECIAL EXCEPTION AND AFFIRMATIVE DEFENSES | | 12/21/2022 | 4 |
| 105689811 | RETURN OF SERVICE: FIESTA MART LLC: | | 12/21/2022 | 2 |
| 105517821 | Plaintiff's Original Petition | | 12/12/2022 | 7 |
| 105528330 | Harris County Request Form Barron | | 12/12/2022 | 2 |

Exhibit "3"

**Wolters Kluwer**

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Joe Angulo<br>BODEGA LATINA CORPORATION<br>14601B LAKEWOOD BLVD<br>PARAMOUNT, CA 90723-3602 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Fiesta Mart, L.L.C. (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ERIKA BARRON ACOSTA // To: Fiesta Mart, L.L.C. |
| **CASE #:** | 202280204 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/16/2022 at 14:52 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Monica Penichet monica.penichet@blcmarkets.com |
| | Email Notification, Juan Ramos juan.ramos@blcmarkets.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Fri, Dec 16, 2022
**Server Name:**                    Drop Service

| Entity Served | FIESTA MART, L.L.C. |
|---|---|
| Case Number | 202280204 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
|  |  |  |



*TG PSC 11/13 12-16-22*

EML

Receipt Number: 984706

Tracking Number: 74088608

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202280204

| PLAINTIFF: BARRON ACOSTA, ERIKA | In the 080th Judicial |
| --- | --- |
| vs. | District Court of |
| DEFENDANT: FIESTA MART L L C | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: FIESTA MART L L C MAY BE SERVE BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on December 12, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 13, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: IRIS COLLINS

Issued at request of:
HERNANDEZ, LETICIA
7324 SOUTHWEST FWY SUITE 545
HOUSTON, TX  77074
832-844-6700
Bar Number: 24131385

Tracking Number: 74088608

CAUSE NUMBER: 202280204

| | |
|---|---|
| PLAINTIFF: BARRON ACOSTA, ERIKA | In the 080th |
| vs. | Judicial District Court |
| DEFENDANT: FIESTA MART L L C | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.

Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____                    _____

                                         _____ of _____

County, Texas
_____        By: _____
        Affiant                                   Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
                Notary Public

12/12/2022 10:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70909124
By: Brittany Hall
Filed: 12/12/2022 10:51 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **ERIKA BARRON ACOSTA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **FIESTA MART L.L.C.,** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Erika Barron Acosta (hereinafter "Plaintiff") and complains of Fiesta Mart

L.L.C., Store No. 51 (hereinafter "Defendant"), and would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.　Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil

Procedure 190.3.

### PARTIES

2.　PLAINTIFF, ERIKA BARRON ACOSTA, is a resident of Harris County, Texas.

3.　DEFENDANT, FIESTA MART, L.L.C., is a domestic limited liability company doing

business in Texas and may be served with process by serving its registered agent,

CT CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900 DALLAS,

TEXAS 75201.

1

## FACTUAL BACKGROUND

4.      On or about September 24, 2021, Plaintiff was shopping at Defendant's store operated under the name of Fiesta Mart, Store No. 51, located at 9420 Cullen Blvd., Houston, Texas 77051. While Plaintiff was entering the premises, Plaintiff slipped and fell on a liquid substance causing severe and incapacitating injury. Plaintiff sustained serious injuries because she was not warned of the dangerous condition that existed.

## JURISDICTION AND VENUE

5.      The claim asserted arises under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. *See* TEX. CIV. PRAC. & REM CODE § 15.002(a).

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

6.      Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads that she seeks monetary relief over $250,000.00, but not more than $1,000,000.00, at this time, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## CAUSES OF ACTION

**Count 1: PREMISE LIABILITY**

7.      At all times material to this lawsuit, Defendant owned, operated, managed, and controlled the premises, which includes all buildings, inventory, grounds and parking areas therein, including where the subject incident occurred. Plaintiff was an invitee on the premises in question.

2

Defendant knew, or in the exercise of ordinary care, should have known an unreasonably dangerous condition existed which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn Plaintiff of the condition. Furthermore, Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

8.  At the time and on the occasion in question:

    a.  A condition existed on Defendant's premises that posed an unreasonable risk of harm to a person, such as Plaintiff, present on the premises;

    b.  Defendant knew, or should have known in the exercise of ordinary care, that the condition of the premises posed an unreasonable risk of harm;

    c.  Defendant should have anticipated that a person, such as Plaintiff, on the premises would not discover the danger or would fail to protect themselves against it;

    d.  Defendant was negligent in that Defendant created the condition, knew about the condition, and negligently failed to correct it or should have known about the condition; and

    e.  The condition of Defendant's premises caused Plaintiff's injuries and damages.

9.  As an invitee Defendant owed a duty to Plaintiff to inspect and make the said condition safe, or at least warn Plaintiff of the existence of the unreasonably dangerous condition prior to the subject incident. Defendant failed to satisfy its legal duty to Plaintiff in both respects. Defendant is, therefore, liable for the unreasonably dangerous condition under a premises liability theory.

**Count 2: NEGLIGENCE**

10.  Plaintiff incorporates repeats and realleges each and every allegation contained herein.

11.  The acts and omissions of Defendant and its employee(s) as described above constitute negligence. Defendant and its employee(s) failed to exercise ordinary care and such failure proximately caused the occurrence in question. Defendant and its employee(s) failure to

3

exercise reasonable care caused the Plaintiff's damages. Defendant and its employee(s) failed to exercise ordinary care in one or more of the following ways:

     a. Failure to maintain the premises, including displays, in a reasonably safe condition;
     b. Failure to inspect the premises where the dangerous condition existed;
     c. Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;
     d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and;
     e. Other acts deemed negligent

12.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

13.    Defendant and its employees(s) were also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

14.    As a result of Defendant and its employee(s) negligence, Plaintiff sustained substantial injuries. Further, Plaintiff has suffered medical bills and other damages, including but not limited to pain and suffering and mental anguish.

**Count 3: CAUSES OF ACTION FOR NEGLIGENT TRAINING, AND NEGLIGENT SUPERVISION, RETENTION, AND MONITORING**

15.    Plaintiff repeats and realleges each and every allegation contained herein.

16.    Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

     a. Failure to explain and demonstrate its safety policies and procedures to employees;

     b. Failure to provide the necessary training to employees on topics including, but not limited to, how to properly and safely be on the lookout for safety hazards, how to properly and safely identify and resolve maintenance issues on the show room floor, and in all matters regarding the proper maintenance of premises;

c.  Failure to provide the necessary training to employees on topics including, but not limited to, how to properly and safely be on the lookout for maintenance issues and hazards, how to properly and safely identify and resolve maintenance issues on or near the store floor, and in all matters regarding the proper maintenance of premises;

d.  Failure to train its employees regarding safe and proper maintenance of the premises;

e.  Failure to provide and/or require follow-up education and training; and

f.  Such other acts of negligence as may be shown in the discovery and trial of this cause.

17.   Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention, and monitoring because of Defendant's:

a.  Failure to monitor employees to make sure they were complying with maintenance and safety policies and procedures;

b.  Failure to interview and test employees to make sure they had read, were familiar with, understood, and followed the company policies and safety procedures for proper maintenance of the premises;

c.  Failure to implement proper policies and procedures for its employees regarding the safety of the premises, including but not limited to the maintenance of the premises;

d.  Failure to supervise employees to ensure that they were properly conducting maintained on the premises; and

e.  Such other acts of negligence as may be shown in the discovery and trial of this cause.

18.   The above-stated conduct is not an exhaustive list of Defendant's various acts and/or omissions. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

19.   Nothing Plaintiff did or failed to do was a proximate or contributing cause of the

incident made the basis of this suit.

## DAMAGES

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff has incurred the following damages:

a. Reasonable medical care and expenses in the past and future. These expenses were incurred for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges;
b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
c. Physical pain and suffering in the past;
d. Mental anguish in the past;
e. Physical pain and suffering in the future
f. Physical impairment in the past; and
g. Physical impairment which, in all reasonable probability, will be suffered in the future.

## PLAINTIFF'S T.R.C.P. 193.7 NOTICE OF SELF-AUTHENTICATION OF DOCUMENTS

21.     Notice is hereby served, that pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, all documents, materials, photographs, or discovery materials produced by Defendant are self-authenticated for use by Plaintiff against Defendant and Plaintiff reserves the right to rely on the authenticity of and to use any of such documents in any pretrial proceeding or at trial in the above entitles and numbered case.

## JURY DEMAND

22.     Plaintiff demands a jury trial and is tendering the appropriate fee with this petition.

## PRAYER

23.     For these reasons, Plaintiff respectfully prays that the Court enter judgment against Defendant as follows:

a.     for damages in an amount within the jurisdictional limits of the court;
b.     for reasonable and necessary past and future medical costs and expenses;
c.     for past and future pain and suffering and mental anguish;
d.     for past and future physical impairment;

6

e.   for pre and post-judgment interest, as allowed by law;

f.   for costs of suit (including costs of depositions and expert witness fees); and

g.   for any additional relief to which Plaintiff may be entitled.


Respectfully submitted,

**JOHNSON GARCIA LLP**


By:   */s/ Steeves Hopson*
      Daniel Johnson (SBN 24046165)
      Juan C. Garcia (SBN 24045914)
      Steeves Hopson (SBN 24106112)
      Leticia Hernandez (SBN 24131385)
      7324 Southwest Fwy, Suite 545
      Houston, Texas 77074
      Telephone: (832) 844-6700
      Facsimile: (832) 844-6868
      E-mail: daniel@johnsongarcialaw.com
      E-mail: juan@johnsongarcialaw.com
      E-mail: steeves@johnsongarcialaw.com
      E-mail: leticia@johnsongarcialaw.com
      **ATTORNEYS FOR PLAINTIFF**

Exhibit "4"



12/12/2022 2:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70924789
By: Iris Collins
Filed: 12/12/2022 2:27 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 202280204                    **CURRENT COURT:** 80th

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION

**FILE DATE:** 12/12/2022 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** FIESTA MART L.L.C.,

Address of Service: 1999 BRYAN ST., STE. 900

City, State & Zip: DALLAS, TEXAS 75201.

Agent (if applicable) CT CORPORATION SYSTEM

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**     Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____     **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Leticia Hernandez    Bar # or ID 24131385

Mailing Address: 7324 Southwest Fwy, Suite 545, Houston, TX 77074

Phone Number: 832-844-6700

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leticia Hernandez
Bar No. 24131385
leticia@johnsongarcialaw.com
Envelope ID: 70924789
Status as of 12/12/2022 4:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Juan C.Garcia | | juan@johnsongarcialaw.com | 12/12/2022 2:27:02 PM | SENT |
| Daniel Johnson | | daniel@johnsongarcialaw.com | 12/12/2022 2:27:02 PM | SENT |

Exhibit "5"

12/21/2022 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71232835
By: DANIELLE JIMENEZ
Filed: 12/21/2022 5:04 PM

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Harris** | **80th Judicial Court** |

Case Number: 202280204

Plaintiff:
**ERIKA BARRON ACOSTA**

vs.

Defendant:
**FIESTA MART L.L.C**

BBW2022012640-2

Received by Tony Hitt on the 15th day of December, 2022 at 2:07 pm to be served on **Fiesta Mart Llc By Serving Its Registered Agent: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201**.

I, Tony Hitt, do hereby affirm that on the **16th day of December, 2022** at **2:10 pm, I:**

Served an authorized agent by delivering a true copy of the **Citation / Plaintiff's Original Petition** with the date and hour of service endorsed thereon by me, to: **Terri Thongsavat** as **Intake Agent** at the address of: **1999 Bryan Street, Ste 900, Dallas, TX 75201** on behalf of **Fiesta Mart Llc**, and informed said person of the contents therein, in compliance with state statutes.

"My name is  Tony Hitt  my date of birth is 3/16/1960  and my address is 4313 Woodbluff Dr Mesquite, TX 75150.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in Dallas County, State of Texas  on December 16, 2022 by Tony Hitt  declarant."

**Tony Hitt**
PSC-11703  Exp. 11/30/2024

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2022012640

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Guevara on behalf of Daniel Johnson
Bar No. 24046165
nancy@johnsongarcialaw.com
Envelope ID: 71232835
Status as of 12/22/2022 8:16 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Johnson | | daniel@johnsongarcialaw.com | 12/21/2022 5:04:44 PM | SENT |
| Juan C.Garcia | | juan@johnsongarcialaw.com | 12/21/2022 5:04:44 PM | SENT |
| Dorsett Dorsett | | eservice@dorsettjohnson.com | 12/21/2022 5:04:44 PM | SENT |
| Jessica Putonti | | jputonti@dorsettjohnson.com | 12/21/2022 5:04:44 PM | SENT |

Exhibit "6"

12/21/2022 11:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71209069
By: Patricia Jones
Filed: 12/21/2022 11:14 AM

## CAUSE NO: 2022-80204

| | | |
|---|---|---|
| **ERIKA BARRON ACOSTA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | **80TH JUDICIAL DISTRICT** |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER, SPECIAL EXCEPTION AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Fiesta Mart, LLC ("Defendant" herein), and files its Original Answer, Special Exception and Affirmative Defenses to Plaintiff's Original Petition ("Petition") as follows:

## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the material allegations contained in the Petition and demands strict proof thereof in accordance with the laws of the State of Texas.

## SPECIAL EXCEPTION

2.      Defendant specially excepts to and moves to strike Plaintiff's allegations of "NEGLIGENCE". Although the petition purports to allege negligence as a cause of action against Defendant, Plaintiff fails to show why premise liability allegations are inadequate. The Texas Supreme Court has dictated that **a premises liability claim is Plaintiff's only viable cause of action when Plaintiff alleges injury resulting from a premises condition**. *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 259 (Tex. 1992*); Keetch v. Kroger,* 845 S.W.2d 262, 266 (Tex. 1992).

3.      Defendant specially excepts to paragraph 21 of Plaintiff's Petition where Plaintiff

attempts to self-authenticate phantom documents which have not yet been produced. This paragraph should be stricken from the Petition.

## AFFIRMATIVE DEFENSES

4.     Pleading further, and without waiver of the foregoing, Defendant denies that Plaintiff's injuries and damages, if any, proximately resulted from any act or omission on the part of this Defendant.

5.     Pleading further, and without waiver of the foregoing, Defendant respectfully alleges that Plaintiff's recovery of medical expenses must be limited to costs actually paid or incurred by Plaintiff pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

6.     Pleading further, and without waiver of the foregoing, Defendant respectfully alleges that Plaintiff's recovery of economic and non-economic damages be limited pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 41.001, et. seq.

7.     Pleading further, and without waiver of the foregoing, Plaintiff's injuries, and damages, if any, resulted from new and independent causes unrelated to any conduct of Defendant.

## JURY DEMAND

8.     Defendant demands a trial by jury and submits the appropriate fee.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that:

(1)     Plaintiff take nothing by this suit; and

(2)     Defendant recovers such other and further relief, both at law and in equity, to which it is justly entitled.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

_[signature]_

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:     (512) 600-4365
Facsimile:     (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 21st day of December 2022:

Johnson Garcia, LLP
Daniel Johnson
Juan C. Garcia
Steeves Hopson
Leticia Hernandez
7324 Southwest Fwy, Suite 545
Houston, Texas 77074
daniel@johnsongarcia.com
juan@johnsongarcia.com
steeves@johnsongarcia.com
leticia@johnsongarcia.com
***Attorneys for Plaintiff***

_[signature]_

C. Robert Dorsett, Jr.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tori Olson on behalf of C. Dorsett, Jr.
Bar No. 24029524
tolson@dorsettjohnson.com
Envelope ID: 71209069
Status as of 12/21/2022 11:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Johnson | | daniel@johnsongarcialaw.com | 12/21/2022 11:14:58 AM | SENT |
| Juan C.Garcia | | juan@johnsongarcialaw.com | 12/21/2022 11:14:58 AM | SENT |
| Dorsett Dorsett | | eservice@dorsettjohnson.com | 12/21/2022 11:14:58 AM | SENT |
| Jessica Putonti | | jputonti@dorsettjohnson.com | 12/21/2022 11:14:58 AM | SENT |

Exhibit "7"

## AFFIDAVIT OF MICHAEL SALTZSTEIN

STATE OF __California__          §

                                 §

COUNTY OF **Los Angeles**        §

       BEFORE ME, the undersigned authority, on this day personally appeared Michael Saltzstein ("Affiant"), who being by me first duly sworn, stated the following under oath:

1. "My name is Michael Saltzstein. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is Senior Director and Head of Risk Management for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as Head of Risk Management for Bodega Latina Corp.

3. Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

                                            _____

                                         Michael Saltzstein

Subscribed and sworn to before me on _April 1_____, 2020.

                                        _____

          SONIA ESMERALDA TORRES
          Notary Public – California
          Los Angeles County
          Commission # 2192073
          My Comm. Expires May 12, 2021

                                    Notary Public for the State of _California_

                                      My commission expires: _May 12, 2021_

                                      Notary Stamp

Exhibit "8"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERIKA BARRON ACOSTA** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | Cause of Action No. ___4:23-cv-00161___ |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | |

<u>**LIST OF COUNSEL OF RECORD**</u>

| Party and Party Type | Attorney(s) |
|---|---|
| Erika Barron Acosta, Plaintiff | Johnson Garcia LLP<br>Daniel Johnson<br>State Bar No. 24046165<br>Juan C. Garcia<br>State Bar No. 24045914<br>Steeves Hopson<br>State Bar No. 24106112<br>Leticia Hernandez<br>State Bar No. 24131385<br>7324 Southwest Freeway, Suite 545<br>Houston, Texas 77074<br>Telephone: (832) 844-6700<br>Facsimile: (832) 844-6868<br>Email: daniel@johnsongarcialaw.com<br>juan@johnsongarcialaw.com<br>steeves@johnsongarcialaw.com<br>leticia@johnsongarcialaw.com |
| Fiesta Mart, LLC, Defendant | Dorsett, Johnson, & Swift, LLP<br>C. Robert Dorsett, Jr.<br>State Bar No. 24029524<br>Jessica A. Putonti<br>State Bar No. 24041295<br>Hayley Reid<br>State Bar No. 24121076<br>3503 Wild Cherry Dr., Bldg. 6<br>Austin, Texas 78738<br>Telephone: (512) 600-4365<br>Facsimile: (512) 266-3655<br>E-mail: eservice@dorsettjohnson.com |

Exhibit "9"

CAUSE NO: 2022-80204

| | | |
|---|---|---|
| **ERIKA BARRON ACOSTA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | **80TH JUDICIAL DISTRICT** |

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

On January 17, 2023, Defendant Fiesta Mart, LLC, filed a Notice of Removal (attached herein as Exhibit A) in the Office of the Clerk of the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**DORSETT, JOHNSON & SWIFT, LLP**

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
Hayley Reid
State Bar No. 24121076
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:     (512) 600-4365
Facsimile:     (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 17th day of January 2023:

Johnson Garcia, LLP
Daniel Johnson
Juan C. Garcia
Steeves Hopson
Leticia Hernandez
7324 Southwest Fwy, Suite 545
Houston, Texas 77074
daniel@johnsongarcia.com
juan@johnsongarcia.com
steeves@johnsongarcia.com
leticia@johnsongarcia.com
*Attorneys for Plaintiff*

_____
C. Robert Dorsett, Jr.